IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Robert D. Jones, Jr., also known as<br>Robert Doyal Jones, Jr.,<br><br>     Plaintiff,<br><br>  vs.<br><br>Mark Boeng, States Attorney, Honorable<br>Judge Webb, and Reid Brady,<br><br>     Defendants. | Case No: 3:12-cv-63<br><br>**REPORT AND RECOMMENDATION** |

  Plaintiff Robert D. Jones ("Jones"), who is proceeding *in forma pauperis* and *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. #8). On April 1, 2011, Jones pled guilty to three misdemeanor charges. State v. Jones, Cass County Case No. 09-2011-CR-0118. Defendant Mark Boening prosecuted the case for the State of North Dakota.[1] Id. Jones alleges he was denied his right to counsel when entering his guilty pleas, he was denied bail, his motion to withdraw his guilty pleas was erroneously denied, he was unlawfully imprisoned, and such imprisonment constitutes cruel and unusual punishment. Jones seeks to have the convictions overturned, and additionally he requests monetary damages.

  Jones submitted documents to the court which show that Jones suffered a serious head injury resulting in cognitive deficiencies. (Doc. # 8-2). Although Jones has difficulty stating the facts supporting his claims, it is clear based on the documents Jones submitted to the court that the claims in his complaint are that he could not have knowingly and intelligently entered guilty

---

[1] Jones misspelled Attorney Boening's name within his complaint, and therefore the heading reflects a different spelling of his name.

pleas to the charges without the assistance of counsel, and any resulting imprisonment from the entry of his guilty pleas is unconstitutional. (See Doc. #8, Doc, #8-2).

Jones' claims challenge the validity of his conviction, and thus are barred by Heck v. Humphrey, 512 U.S. 477 (1994). If, in an action under 42 U.S.C. § 1983, "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction . . . the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. Jones has not demonstrated that his conviction has been reversed on appeal or otherwise invalidated through proper channels of post-conviction relief. Jones' claims are more appropriately asserted through a habeas corpus petition.[2]

Finally, the court notes prosecutors acting within the scope of prosecutorial duties are absolutely immune from lawsuits for damages brought pursuant to 42 U.S.C. § 1983. Imbler v. Pachtman, 424 U.S. 409, 424-28 (1976). Mark Boening and Reid Brady, Assistant State's Attorneys, were acting within the scope of their prosecutorial duties by initiating prosecution and presenting the state's case, and are immune from suit. Additionally, a judge is immune from lawsuits for damages brought pursuant to 42 U.S.C. § 1983 unless the judge's actions were non-judicial or taken in complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Judge Webb was acting in his judicial capacity and with proper jurisdiction. It is

---

[2] The court notes that Jones previously filed a habeas petition with regard to his claims. See Jones v. Stenehjem, D.N.D. Case No. 3:11-cv-64. However, Jones included a claim in his petition which was unexhausted, and the petition was dismissed without prejudice as a mixed petition. See Id. at Doc. #24 (claim that Jones received ineffective assistance of counsel with regard to his motion to withdraw his guilty pleas was not raised before the North Dakota Supreme Court, and Jones had sufficient time to return to the state courts to exhaust the claim). If Jones chooses to file a habeas petition, he is cautioned to only include those claims which he has already raised before the North Dakota Supreme Court.

**RECOMMENDED** that Jones' complaint (Doc. #8) be **DISMISSED** with prejudice. It is further **RECOMMENDED** that the court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauperis*.

**Notice of Right to Object**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and Order by filing with the Clerk of Court no later than **February 4, 2013**, a pleading specifically identifying those portions of the Report and Recommendation and Order to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

Dated this 17th day of January, 2013.

                                           /s/ *Karen K. Klein*
                                           Karen K. Klein
                                           United States Magistrate Judge